UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LINDA COVERT and CHAD COVERT,

                Plaintiff,

- against -

GARY D. GOLDBERG, M.D., KAREN B.
HILLER, R.N., M.S.N., A.N.P., and UROLOGY
ASSOCIATES, P.C.

                Defendant.
-------------------------------------------------------------X

Docket No.:
CV 10 5135

**VERIFIED ANSWER**
**TO COMPLAINT**

Jury Trial Demanded

      Defendant, KAREN B. HILLER, R.N., M.S.N., A.N.P., as and for her Answer to the complaint of Plaintiffs, LINDA COVERT and CHAD COVERT, respectfully alleges upon information and belief as follows:

<u>**ANSWERING THE FIRST CAUSE OF ACTION**</u>

      1.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the.

      2.     Denies each and every allegation contained in paragraph "2" of the Complaint.

      3.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint and refers all questions of law to the Court.

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint and refers all questions of law to the Court.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies each and every allegation contained in paragraph "9" of the Complaint except admits that KAREN B. HILLER, R.N., M.S.N., A.N.P. (hereinafter referred to as "HILLER"), was and is a registered nurse duly licensed to practice nursing in the State of New York and a citizen of the State of New York.

10. Denies each and every allegation contained in paragraph "10" of the Complaint except admits that KAREN B. HILLER, R.N., M.S.N., A.N.P. (hereinafter referred to as "HILLER"), was and is an adult nurse practitioner duly licensed to practice as an adult nurse practitioner in the State of New York and a citizen of the State of New York.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" in the form alleged therein, and refers all questions of law to the Court.

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" in the form alleged therein, and refers all questions of law to the Court.

16. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" in the form alleged therein.

17. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" in the form alleged therein.

18. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" in the form alleged therein.

19. Deny the allegations contained in paragraph "19" in the form alleged therein, except admits that KAREN B. HILLER, R.N., M.S.N., A.N.P. used reasonable and proper care.

20. Denies each and every allegation contained in paragraph "20" of the Complaint.

21. Denies each and every allegation contained in paragraph "21" of the Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Complaint.

23. Denies each and every allegation contained in paragraph "23" of the Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION SOUNDING IN

## LACK OF INFORMED CONSENT

25. Defendant repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" of the Complaint as if same were more fully set forth at length herein.

26. Deny the allegations contained in paragraph "26" in the form alleged therein.

27. Denies each and every allegation contained in paragraph "27" of the Complaint.

28. Denies each and every allegation contained in paragraph "28" of the Complaint.

29. Denies each and every allegation contained in paragraph "29" of the Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION SOUNDING IN

## LOSS OF CONSORTIUM

32. Defendant repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" of the Complaint as if same were more fully set forth at length herein.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Complaint.

35. Denies each and every allegation contained in paragraph "35" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36. The alleged cause of action sounding in medical malpractice asserted by the plaintiff in the verified complaint, is barred by the two years and six months statute of limitations set forth in CPLR § 214-a.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37. The cause of action alleging a negligent failure to obtain an informed consent is barred, in that the plaintiff(s) has/have failed to bring the action within the two and one-half (2-1/2) years set forth in § 214-a of the CPLR, and the decision of Murriello v. Crappotta, 51 A.D.2d 381.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. That there is an existing final judgment of a court of competent jurisdiction rendered on the merits between the parties herein, and this (these) defendant(s) allege(s) that said determination is res judicata, and is a complete bar to the maintenance of this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. Pursuant to CPLR §1001, this action cannot be properly brought without a necessary party, and therefore, this action must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. If the plaintiffs sustained any personal injuries or damages as alleged in the verified complaint, such injuries or damages were the result of the culpable conduct of the

plaintiffs. Should it be found that the defendant is liable to the plaintiffs herein, any such liability being specifically denied, then the defendant alleges that if any damages are found, they are to be apportioned among the plaintiffs and the defendant according to the degree of responsibility that each will be found to have in proportion to the entire measure of responsibility pursuant to CPLR § 1412.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. If it should be found after trial that this answering defendant is liable to the plaintiff in the amount of 50% or less of the total liability assigned to all persons liable, the liability of this answering defendant to the plaintiff for non-economic loss shall not exceed this answering defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss in accordance with Article 16 of the CPLR.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42. If the plaintiffs sustained any personal injuries or damages as alleged in the verified complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiffs must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43. If the plaintiff(s) should settle the instant action with a party other than the answering Defendant(s), these Defendant(s) shall be entitled to a setoff as against such settlement pursuant to General Obligations Law §15-108.

**WHEREFORE**, this answering defendant demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: Jericho, New York
December 13, 2010

Yours, etc.,

CATALANO GALLARDO
& PETROPOULOS, LLP

By: _____
MICHELE R. LEVIN, ESQ. (MRL 9644)
Attorneys for Defendant
KAREN B. HILLER, R.N., M.S.N., A.N.P.
100 Jericho Quadrangle - Suite 214
Jericho, New York 11753
516-931-1800
File No.: 10-1138

TO: Lee S. Goldsmith, Esq. (LSG 8875)
Christina Ctorides, Esq. (CC 5271)
GOLDSMITH CTORIDES & RODRIGUEZ, L.L.P.
Attorneys for Plaintiffs
LINDA COVERT and CHAD COVERT
747 Third Avenue, 37th Floor
New York, New York 10017
212-421-5500